# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANGEL GONZALEZ, IDOC # K81302, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 11-170-GPM |
| | ) |
| DR. FEINERMAN, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Angel Gonzalez, a prisoner in the custody of the Illinois Department of Corrections who currently is serving a sentence of thirty-four years' imprisonment at the Menard Correctional Center ("Menard") for murder, brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights by persons acting under color of state law. This case is before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides, in relevant part:

> (a) Screening. – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for Dismissal. – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on

its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Though the Court is obligated to accept factual allegations as true, "some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Also, courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

According to the allegations of Gonzalez's pro se complaint, Gonzalez has suffered from an inguinal hernia since 2004. In March 2009 Gonzalez was examined by Defendant Dr. Feinerman, a physician at Menard. Feinerman manually examined Gonzalez's hernia and performed a mechanical reduction whereby he manipulated the hernia back to its original position. During the examination Feinerman denied two requests by Gonzalez for surgery to repair the hernia and advised Gonzalez to reduce the hernia manually. Gonzalez complains that he saw medical personnel at Menard, including Feinerman, at least three more times in 2009, but they refused to recommend surgery for Gonzalez's hernia. In June 2010 Gonzalez alleges that he was examined by Defendant Dr. M. Fahim, a physician at Menard, for a rash that Gonzalez believes somehow was related to his hernia. According to Gonzalez, Fahim, concerned that the rash might be contagious, kept Gonzalez in the health care unit at Menard for eight days while she successfully treated Gonzalez's rash with antibiotics. However, Gonzalez complains, Fahim did not order surgery for his hernia. Gonzalez

complains further that he must manually reduce his hernia, and that he is not receiving adequate medication for pain caused by his hernia. Gonzalez asserts claims for deliberate indifference to his serious medical needs, in violation of the Eighth Amendment, and for violation of his right of equal protection of the laws under the Fourteenth Amendment. Gonzalez demands $30,000 in compensatory damages and $50,000 in punitive damages, as well as an order of the Court compelling Menard medical staff to refer Gonzalez to an outside physician for surgical repair of his hernia. Named as a Defendant in the case in addition to Feinerman and Fahim is Donald Gaetz, the warden of Menard.

With respect to Gonzalez's claim against Gaetz, Gonzalez's complaint is devoid of allegations showing that Gaetz was personally involved in a deprivation of Gonzalez's constitutional rights, and Gaetz clearly has been sued by Gonzalez purely by virtue of the position Gaetz holds as the warden of Menard. However, 42 U.S.C. § 1983 "creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1248 (7th Cir. 1994) (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983)). *See also Burks v. Raemisch*, 555 F.3d 592, 593, 596 (7th Cir. 2009) (citing *Monell v. Department of Soc. Servs. of City of N.Y.*, 436 U.S. 658 (1978)) (stating that "Section 1983 does not establish a system of vicarious responsibility" and thus "public employees are responsible for their own misdeeds but not for anyone else's."). Accordingly, a Section 1983 plaintiff cannot state a claim against a defendant merely by including the defendant's name in the caption of a complaint. *See Allen v. Feinerman*, Civil No. 07-cv-805-MJR, 2009 WL 90118, at *2 (S.D. Ill. Jan. 14, 2009) (citing *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998)). Instead, a plaintiff must make allegations that "associate

specific defendants with specific claims . . . so [the] defendants are put on notice of the claims brought against them and so they can properly answer the complaint." *Willis v. Hulick*, Civil No. 09-cv-447-JPG, 2010 WL 358836, at *2 (S.D. Ill. Jan. 25, 2010) (citing *Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003)). To the extent Gonzalez is claiming that Gaetz is liable under Section 1983 for failing to act on or denying complaints and grievances made by Gonzalez about the medical treatment Gonzalez has received at Menard for his hernia, Gonzalez is mistaken. It is the case that there is a constitutional right to petition state officials for redress of grievances, but this right "does not guarantee a response to the petition" or "compel government officials to act on or adopt a citizen's views." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Nor does a denial of a prisoner's grievance rise to the level of a constitutional deprivation. "Only persons who cause or participate in . . . violations [of a prisoner's constitutional rights] are responsible [under Section 1983]. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) (citations omitted). Gaetz will be dismissed from this case.

The Court turns next to the matter of Gonzalez's Eighth Amendment claim against Feinerman and Fahim. It is well settled, of course, that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). As the United States Court of Appeals for the Seventh Circuit has instructed, "[t]he Eighth Amendment to the Constitution of the United States proscribes the infliction of 'cruel and unusual punishments.' The amendment imposes upon prison officials the duty to 'provide humane conditions of confinement,' including the obligation to provide medical care to those whom

[they have] incarcerated." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). A prisoner raising an Eighth Amendment claim against a prison official for deliberate indifference to the prisoner's serious medical needs must satisfy two requirements. The first requirement compels the prisoner to satisfy an objective standard: "[T]he deprivation alleged must be, objectively, 'sufficiently serious[.]'" *Farmer*, 511 U.S. at 834 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Thus, "a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'" *Id*. (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). The second requirement demands that the prisoner satisfy a subjective standard: "[A] prison official must have a 'sufficiently culpable state of mind,'" one that amounts to "'deliberate indifference' to inmate health or safety." *Id*. (quoting *Wilson*, 501 U.S. at 297). *See also Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (quoting *Estelle*, 429 U.S. at 104) ("[T]he appropriate inquiry when an inmate alleges that prison officials failed to attend to serious medical needs is whether the officials exhibited 'deliberate indifference.'"). In the Seventh Circuit, "[d]eliberate indifference 'is more than negligence and approaches intentional wrongdoing' . . . . [D]eliberate indifference is 'essentially a criminal recklessness standard, that is, ignoring a known risk.'" *Johnson v. Snyder*, 444 F.3d 579, 585 (7th Cir. 2006) (quoting *Collignon v. Milwaukee County*, 163 F.3d 982, 988 (7th Cir. 1998)). Additionally, "[a]n objectively serious medical need," the Seventh Circuit Court of Appeals has explained, "is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) (quoting *Zentmyer v. Kendall County, Ill*., 220 F.3d 805, 810 (7th Cir. 2000)) (quotation omitted).

In this case, of course, Gonzalez disagrees vigorously with the conservative course of treatment for Gonzalez's inguinal hernia endorsed by Feinerman and the other medical staff at Menard, insisting that the prescribed treatment does not work and demanding immediate surgery instead. However, these complaints do not state a claim for an Eighth Amendment violation. "Under the Eighth Amendment [a prisoner] is not entitled to demand specific care," nor is a prisoner "entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). A failure to treat a chronic, painful condition that significantly restricts a prisoner's daily activities can rise to the level of cruel and unusual punishment. *See Gutierrez v. Peters*, 111 F.3d 1364, 1371 (7th Cir. 1997) ("[D]elays in treating painful medical conditions that are not life-threatening can support Eighth Amendment claims."). However, a prisoner's quibbles about the course of treatment selected by the prisoner's health care providers and the effectiveness of that treatment are not actionable as violations of the Eighth Amendment. "The Constitution is not a medical code that mandates specific medical treatment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008) (brackets omitted). Thus, for purposes of stating an Eighth Amendment claim, "[m]edical decisions that may be characterized as 'classic examples of matters for medical judgment,' such as whether one course of treatment is preferable to another, are beyond the Amendment's purview. Such matters are questions of tort, not constitutional law." *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996) (quoting *Estelle*, 429 U.S. at 107) (brackets omitted). *See also Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003) (when, "[a]t best, [a prisoner] alleges a disagreement with medical professionals about his needs," then the prisoner "does not state a cognizable Eighth Amendment claim under the deliberate indifference standard of *Estelle*[.]"); *Garvin v. Armstrong*, 236 F.3d 896, 898 (7th Cir. 2001) ("A difference of opinion as to how a condition should

be treated does not give rise to a constitutional violation."). Also, "[m]edical malpractice in the form of an incorrect diagnosis or improper treatment does not state an Eighth Amendment claim." *Gutierrez*, 111 F.3d at 1374. *See also Walker v. Peters*, 233 F.3d 494, 499 (7th Cir. 2000) ("A doctor might be careless . . . , and this carelessness may constitute malpractice. But malpractice alone is not enough to meet the constitutional standard."); *Snipes*, 95 F.3d at 590 ("[T]he Eighth Amendment is not a vehicle for bringing claims for medical malpractice."). In this case Gonzalez alleges at most a difference of opinion with medical personnel at Menard about the proper course of treatment for Gonzalez's hernia. Given that, as is clear from Gonzalez's allegations, Gonzalez's inguinal hernia is neither incarcerated nor strangulated, the Court cannot say that the treatment decision at issue represents "such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that [a medical provider] did not base the decision on such a judgment." *Estate of Cole v. Fromm*, 94 F.3d 254, 262 (7th Cir. 1996). Finally, with respect to Gonzalez's claim of a deprivation of his right to equal protection, to state a claim for an equal protection violation a prisoner must allege that he or she is a member of a protected class, and that state actors treated members of the prisoner's class less favorably than people not in the class but who are similarly situated. *See Brown v. Budz*, 398 F.3d 904, 916 (7th Cir. 2005); *Harris v. Greer*, 750 F.2d 617, 618-19 (7th Cir. 1984). By the same token, "isolated events that adversely affect individuals are not presumed to be a violation of the equal protection clause." *Shango v. Jurich*, 681 F.2d 1091, 1104 (7th Cir. 1982). Here Gonzalez does not claim that other Menard prisoners suffering from inguinal hernias have received more favorable medical treatment than Gonzalez, and therefore Gonzalez has failed to state a claim for an equal protection violation. This case will be dismissed.

To conclude, pursuant to 28 U.S.C. § 1915A, the Court finds that Gonzalez's complaint fails to state a claim upon which relief may be granted. Therefore, this action is **DISMISSED with prejudice**. Gonzalez's motion for appointment of counsel (Doc. 3) is **DENIED as moot**. Gonzalez is advised that the dismissal of this case will count as one of his three allotted "strikes" under 28 U.S.C. § 1915(g). The Clerk of Court will enter judgment in accordance with this Order.

**IT IS SO ORDERED.**

DATED:  March 10, 2011

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge