# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANGEL GONZALEZ, IDOC # K81302, | ) |
| Plaintiff, | ) |
| vs. | ) CIVIL NO. 11-170-GPM |
| DR. FEINERMAN, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Angel Gonzalez, a prisoner in the custody of the Illinois Department of Corrections who currently is serving a sentence of thirty-four years' imprisonment at the Menard Correctional Center ("Menard") for murder, brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights by persons acting under color of state law. By order entered March 10, 2011, the Court granted Gonzalez leave to proceed in forma pauperis ("IFP") in this case. In the Court's order granting Gonzalez IFP status, the Court noted that Gonzalez had failed to submit in support of his IFP motion a certified copy of his prison trust fund account statement showing the activity in the account during the six-month period immediately preceding the filing of this lawsuit, to wit, September 7, 2010, to March 7, 2011, as is required, of course, under the statute governing leave to proceed IFP in federal court. *See* 28 U.S.C. § 1915(a)(2). However, the Court noted that the Clerk of Court had submitted a request for a certified copy of Gonzalez's prison trust fund account statement for the six-month period immediately preceding the filing of this lawsuit to the Trust Fund Officer at Menard. Thus, the Court concluded that at such time as the Trust Fund Officer

at Menard furnished the Court with a copy of Gonzalez's prison trust fund account statement for the relevant period, the Court would enter an order setting out the initial partial filing fee that Gonzalez must pay in this case. The Trust Fund Officer at Menard now has supplied the Court with the requested trust fund account statement for Gonzalez. *See* Doc. 10. Accordingly, the Court rules as follows.

The Court's normal filing fee for a civil action is $350.00, but 28 U.S.C. § 1915 allows an indigent prisoner litigant to pay the full filing fee in small monthly installments. *See* 28 U.S.C. § 1914(a); 28 U.S.C. § 1915(b); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998); *Jones v. Francis*, Nos. 08-cv-517-bbc, 08-cv-520-bbc, 2008 WL 4331000, at *1 (W.D. Wis. Sept. 18, 2008). A prisoner proceeding IFP in federal court must pay an initial partial filing fee of twenty percent of the greater of: (1) the average monthly deposits to the prisoner's trust fund account; or (2) the average monthly balance in the prisoner's trust fund account for the six-month period immediately preceding the filing of the prisoner's suit. *See* 28 U.S.C. § 1915(b)(1)(A)-(B). After payment of an initial partial filing fee, a prisoner is required to make monthly payments of twenty percent of the preceding month's income credited to the prisoner's trust fund account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of a prisoner must forward payments from the prisoner's trust fund account to the clerk of the district court where the prisoner's case is pending each time the amount in the account exceeds $10.00 until the full filing fee in the case is paid. *See id*. For purposes of calculating the average monthly balance in a prisoner's trust fund account for the six-month period preceding the filing of a lawsuit, Section 1915 does not specify whether a court should use opening monthly balances, daily balances, or closing monthly balances, and therefore the Court has elected more or less arbitrarily to use opening monthly balances, meaning the amount in Gonzalez's prison

trust fund account on the first day of each of the six thirty-day periods preceding the filing of this lawsuit. *See Pinkin v. Ayzenberg*, No. 98 C 5637, 1999 WL 410035, at *1 n.1 (N.D. Ill. May 27, 1999) (noting that, because Section 1915 is ambiguous as to whether opening monthly balances, daily balances, or closing monthly balances should be used to calculate a prisoner's initial partial filing fee, a court is free to use any one of the three or to rely solely upon average monthly deposits to a prisoner's trust fund account in calculating the fee). Relying upon the information contained in the certified copy of Gonzalez's prison trust fund account statement that is before the Court, the Court finds that twenty percent of the average monthly deposits to Gonzalez's prison trust fund account for the six-month period preceding the filing of this suit is $9.17. Twenty percent of the average monthly balance in Gonzalez's prison trust fund account for the six-month period immediately preceding the filing of this suit is $7.34. Thus, the initial partial filing fee Gonzalez must pay is $9.17.

To conclude, pursuant to 28 U.S.C. § 1915(b), it is hereby **ORDERED** that the Trust Fund Officer at Menard is authorized to deduct the sum of **$9.17** from Gonzalez's prison trust fund account and to forward that sum to the Clerk of Court as Gonzalez's initial partial filing fee in this case. After payment of the initial partial filing fee, the Trust Fund Officer at Menard is authorized to collect monthly payments from Gonzalez's prison trust fund account in an amount equal to twenty percent of the preceding month's income credited to the account. Monthly payments collected from Gonzalez's prison trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10.00 until the full $350.00 filing fee for this action is paid. All payments toward the $350.00 filing fee for this action shall be sent to: United States District Court, Clerk's Office, 750 Missouri Avenue, P.O. Box 249, East St. Louis, Illinois 62201. At the time

payments are made, Gonzalez's name and the case number assigned to this action shall be clearly identified. The Clerk of Court shall send a copy of this Order to Gonzalez and to the Trust Fund Officer at Menard.

**IT IS SO ORDERED.**

DATED: June 11, 2011

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge