IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANGEL GONZALEZ, IDOC # K81302, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 11-170-GPM |
| | ) |
| DR. FEINERMAN, et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on the mandate of the United States Court of Appeals for the Seventh Circuit (Doc. 29). Plaintiff Angel Gonzalez, a prisoner in the custody of the Illinois Department of Corrections who currently is serving a sentence of thirty-four years' imprisonment at the Menard Correctional Center ("Menard") for murder, brings this action pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights by persons acting under color of state law. Specifically, Gonzalez alleges that Defendants Dr. Feinerman and Dr. M. Fahim, who are medical personnel at Menard, and Defendant Donald Gaetz, the former warden of Menard, have been deliberately indifferent to Gonzalez's serious medical needs, in violation of the Eighth Amendment. On March 10, 2011, the Court dismissed this case pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted; judgment was entered the same day. On April 6, 2011, Gonzalez's notice of appeal from the Court's judgment was docketed. On appeal, the Seventh Circuit Court of Appeals reversed the Court's dismissal of this case, but directed that the current warden of Menard, David Rednour, be substituted for Gaetz as a Defendant in this case, then

remanded the case to this Court for further proceedings on the claim. Consistent withe the mandate of the Seventh Circuit Court of Appeals, it is hereby **ORDERED** as follows:

1. David Rednour is **SUBSTITUTED** for Donald Gaetz as a Defendant in this case. Gaetz is **DISMISSED with prejudice** from this case. The Clerk of Court is directed to add David Rednour as a party to this litigation and to terminate Gaetz as a party on the electronic docket of this case.

2. The Clerk of Court shall prepare for Defendants **FEINDERMAN**, **FAHIM**, and **REDNOUR**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within thirty (30) days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

3. It is **further ORDERED** that, if a Defendant longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the Court's file or disclosed by the Clerk.

4. It is **further ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for

consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on each Defendant or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

5.      Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

6.      Pursuant to SDIL-LR 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Wilkerson for further pre-trial proceedings.

7.      Further, this entire matter is **REFERRED** to United States Magistrate Judge Wilkerson for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

8.      Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **seven (7) days** after a transfer or other change in address occurs.  Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED:  December 27, 2011

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge