UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ANGEL GONZALEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.   3:11-cv-170-DGW |
| | ) | |
| ADRIAN FEINERMAN and | ) | |
| RICK HARRINGTON, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the court are the Partial Motions to Dismiss filed by Defendants, Adrian Feinerman, on September 12, 2013 (ECF 113), and Rick Harrington on September 16, 2013 (ECF 115).   For the reasons set forth below, the Motions are **DENIED**.

**BACKGROUND**

Plaintiff, Angel Gonzalez, a prisoner in custody of the Illinois Department of Corrections, is currently incarcerated at Menard Correctional Center ("Menard CC").   According to the Amended Complaint, the events related to this matter occurred after Plaintiff suffered a groin injury in May 2004 (ECF 109, ¶12). Subsequent to this injury, Plaintiff was diagnosed by the medical staff at Menard CC as having an inguinal hernia[1](ECF 109, ¶13).   Since 2004, Plaintiff

---

1 An inguinal hernia occurs when soft tissue protrudes through a weak point in the abdominal muscles. The resulting bulge can be painful. Additionally, these hernias do not get better or disappear on their own, and can lead to life-threatening complications. Inguinal hernia repair is a common surgical procedure.   http://www.mayoclinic.org/diseases-conditions/inguinal-hernia/basics/definition/con-20021456 (last visited February 12, 2014).

complained of chronic pain and repeatedly requested corrective surgery; however Defendants have allegedly denied Plaintiff's requests and have instead only provided him with mild pain medication (ECF 109, ¶30-31, 33).

In March of 2009, Plaintiff alleges that he visited Defendant, Dr. Feinerman, to address his pain from his hernia (ECF 109, ¶15). During this visit in particular, Dr. Feinerman manipulated Plaintiff's hernia and stated that the hernia would be "okay" so long as it could recede into his abdomen (ECF 109, ¶17). After Defendant manipulated Plaintiff's hernia, Plaintiff got up from the examination table and the bulge from his hernia returned (ECF 109, ¶16,19). Despite the fact that Plaintiff's hernia did not recede and Plaintiff's symptoms continued to worsen, Plaintiff alleges that Defendants repeatedly denied surgery (ECF 109, ¶20-21, 33), although authorizing it for others, because of budget constraints (ECF 109, ¶35). For a remedy, Plaintiff seeks injunctive relief "enjoining Defendants from further delaying or denying [his] request for surgery . . . and any necessary follow up care or further medical treatment," in addition to compensatory and punitive damages.

Plaintiff's Amended Complaint alleges two separate counts: I) a deliberate indifference to need for medical treatment, and II) a class-of-one equal protection claim. With regards to Count II, Plaintiff specifically alleges that he was treated differently from at least four other inmates at Menard CC who received corrective surgery for their hernias; and, that the difference in treatment was not rationally related to a legitimate state interest (ECF 109, ¶54-57). In response, each Defendant has filed a Partial Motion to Dismiss, seeking dismissal of Count II of

Plaintiff's First Amended Complaint[2] (ECF 113, 115).

## DISCUSSION

On a motion to dismiss, the Court accepts as true all well-pleaded allegations in the complaint and draws all possible inferences in favor of the plaintiff. *See* Fed. R. Civ. P. 12(b)(6); *Tamayo v. Blagojevich,* 526 F.3d 1074, 1081 (7th Cir. 2008). A plaintiff need not set out all relevant facts or recite the law in his or her complaint; however, the plaintiff must provide a short and plain statement that shows that he or she is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2). Thus, a complaint will not be dismissed if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. Additionally, a well-pleaded complaint may proceed even if it appears "that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Bell Atl. Corp.,* 550 U.S. at 556.

In his First Amended Complaint, Plaintiff alleges that he is being treated differently from at least four similarly situated inmates at Menard CC (ECF 109, ¶54-55). Although prisoners are not a suspect class, the Equal Protection Clause protects individuals from purely arbitrary government classification, even if just one person is treated differently for arbitrary and irrational purposes. *Geinosky v. City of Chicago,* 675 F.3d 743, 747 (7th Cir.2012). These claims are referred to as class-of-one claims, in which the claim can succeed only if it is pleaded and proven

---

[2] Defendant Feinerman filed a Reply to Plaintiff's Response in Opposition to his Motion to Dismiss (Doc. 120). Pursuant to Local Rule 7.1(c)(2), reply briefs are not favored and should be filed only in exceptional circumstances. As Defendant did not state exceptional circumstances or obtain permission to file a reply brief, it was not considered.

that (1) the plaintiff has been intentionally treated differently from others similarly situated, and (2) there is no rational basis for the difference in treatment. *Village of Willowbrook v. Olech,* 528 U.S. 562, 564 (2000) (per curiam).

Since 2004, Plaintiff has made numerous and regular complaints of his pain and discomfort to the medical staff at Menard CC (ECF 109, ¶30-31). Despite his continuing to exhibit severe symptoms of an inguinal hernia, the medical staff at Menard CC, including Defendant Dr. Feinerman, has repeatedly denied Plaintiff's requests for a surgical repair (ECF 109, ¶30-33). Surgical repair of hernias is a common procedure. Delay is recommended only for those patients with minimal or no symptoms and only in instances where the hernia can be readily reduced and remain in position (ECF 109, ¶18). Dr. Feinerman must have been aware of this when he denied Plaintiff surgery because he told Plaintiff he would be "okay" so long as the hernia could recede into his abdomen (ECF 109, ¶17). However, Plaintiff has alleged that after Dr. Feinerman attempted to manipulate his hernia so that it would recede into his abdomen, the bulge from his hernia returned (ECF 109, ¶19). Given that this manipulation of Plaintiff's hernia to remain in position was unsuccessful, it then logically follows that Plaintiff should have been a candidate for corrective surgery. However, not only was Plaintiff denied corrective surgery, but he has also alleged that he received differential treatment from at least four other inmates at Menard CC who did receive corrective surgery for their hernias (ECF 109, ¶18). These facts, accepted as true and in the light most favorable to the Plaintiff, state a claim to relief that is plausible. Thus, by alleging that he suffered from a condition that warranted a routine surgical procedure but was denied when authorized for at least four others who were similarly situated, Plaintiff has satisfied the first pleading requirement for a class-of-one equal protection claim.

The second element of a class-of-one claim concerns the rationality for the differential treatment.  The Seventh Circuit has recognized that "a perplexing situation… arises when a lawsuit challenging a government action subject only to rational basis review is evaluated under the deferential standard of a Rule 12(b)(6) motion to dismiss."  *Wroblewski v. City of Washburn,* 965 F.2d 452, 459 (7th Cir.1992).  Thus, to survive a Rule 12(b)(6) motion to dismiss on a class-of-one equal protection claim, "a plaintiff must allege facts sufficient to overcome the presumption of rationality that applies to government classifications."  *Id.* at 460.  If the allegations in the complaint reveal a rational basis for treating the plaintiff differently, even if there are allegations that the action was taken out of animosity, the plaintiff has pled himself out of court.  *See D.B. v. Kopp,* 725 F.3d 681, 686 (7th Cir. 2013).

In his First Amended Complaint, Plaintiff has not alleged animus as a basis for denial of surgical intervention by either Defendant. Rather, he has only stated that he has been treated differently from at least four similarly situated inmates who received corrective surgery for their hernias, and that there was no rational basis for that difference in treatment (ECF 109, ¶54-57). Plaintiff has additionally alleged that both Defendants refused to authorize his surgery because of budgetary constraints (ECF 109, ¶35). This *could* have been a point of contention as a rational basis for denying surgery, but it is moot since neither Defendant had cited this allegation as evidence of Plaintiff pleading himself out of court. In fact, neither Defendant cited to **any** allegation in Plaintiff's complaint which would constitute a rational basis sufficient to plead him out of court.   And assuming arguendo that Defendants did cite budgetary constraints as a rational basis, this court is unaware of any authority that finds budgetary constraints to be a rational basis for the denial of a routine surgical procedure that is indicated for a specific medical condition.

Furthermore, it appears wholly irrational to the court that a condition which **necessitates** a routine surgical procedure would not only be denied over the course of nine years, but also only treated with mild pain medication. Plaintiff has alleged facts sufficient to overcome any presumption of rationality in the denial of his surgery and has thus satisfied the second pleading requirement for a class-of-one claim.

## CONCLUSION

For the foregoing reasons, the Partial Motions to Dismiss filed individually by Defendant Dr. Adrian Feinerman (ECF 113) and Defendant Rick Harrington (ECF 115) are **DENIED.**

In light of the foregoing, the Final Pretrial Conference set for June 4, 2014 and the Jury Trial set for June 16, 2014 are hereby **CANCELLED**.  This matter is **SET** for a telephonic conference on **May 6, 2014 at 2:00 p.m.**  The parties should be prepared to discuss the trial date and any other scheduling or discovery matters.  Defendant Feinerman to initiate the conference call.   The Court's conference number is 618-482-9004.

**DATED: April 23, 2014**


        **DONALD G. WILKERSON**
        **United States Magistrate Judge**