6IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANGEL GONZALEZ, #K81302, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Cause No. 3:11-cv-00170-DGW-DGW |
| | ) |
| DR. FEINERMAN, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## PROTECTIVE ORDER

Wexford Health Sources, Inc. ("Wexford") by and through its counsel, seeks entry of a Protective Order relative to documents it produces concerning:[1]

a. general policies and procedures regarding the delivery, management, costs, levels, and standards of or related to healthcare services provided to inmates incarcerated with the Illinois Department of Corrections;

b. policies, guidelines, and procedures related to the delivery of specific care for specific conditions, like inguinal hernias;

c. plans as to the medical care of Plaintiff;

d. policies and procedures related to the handling of/participation in/response to prisoner grievances or the grievance process.

e. costs related to the delivery of healthcare in general and/or as to particular inmates or particular conditions.

f. medical care provided to particular inmates;

---

[1] These categories of information have been gleaned from Plaintiff's subpoena directed to Wexford Health Sources, Inc. dated October 29, 2014 (Doc. 134-1). To the extent that the parties believe that additional or other categories should be included, they may file an motion to modify this protective order.

A Protective Order is necessary and appropriate pursuant to the terms of Rule 26(c) of the Federal Rules of Civil Procedure, and the Court being otherwise fully advised in the premises, it is hereby ordered:

1. Copies of the above-described documents produced by Wexford in this action stamped with the phrase "Confidential and Subject to Protective Order" (the "Protected Documents") shall be protected and given confidential treatment as described in this Order.

2. Plaintiff shall be permitted to inspect such documents with counsel present, but shall not be permitted to photocopy or otherwise obtain copies of such documents without the Order of this Court.

3. These Protected Documents shall be maintained in confidence by Plaintiff's counsel and shall not be disclosed to any person except:

    a. This Court and its officers;

    b. Stenographic reporters;

    c. Defendants and Wexford Personnel

    d. Counsel for Defendants;

    e. Employees of counsel; and

    f. Experts retained in this litigation.

4. Except as otherwise provided by this Order or by further order of the Court, the Protected Documents shall be used for no purpose other than prosecuting or defending the above-captioned proceeding and shall be disclosed in the manner provided in and only to the persons identified in Paragraphs 2 and 3, and they shall not be used in any other civil case, criminal case, litigation, or matter.

5. Individuals or entities permitted access to Protected Documents pursuant to Paragraph 3 above are hereby ordered not to show, convey or reproduce any information or document so designated, or parts thereof, or copies thereof, or any matter contained therein, or any abstracts or summaries thereof, to any individual or to any entity who would not otherwise have access to said material under the provisions of this order, unless they secure the written consent of the designating party or obtain permission from this Court, upon motion and with notice to all parties.

6. Any party may apply to the Court for relief from, or modification of, this Order.

7. This Order is without prejudice to the rights of any party to object to the production of documents or information that it considers to be privileged, irrelevant or immaterial, and shall not be considered a waiver of any applicable privilege or immunity from discovery or as a concession by the designated party that such information is relevant or material to any issue.

8. This Order shall not prevent any of the Protected Documents from being used by the Court or counsel of record at any trial or other proceeding in this action only, subject to such confidentiality provisions as the Court may then prescribe.

9. Following the termination of this litigation, whether by final judgment and appeal or by settlement, the parties shall destroy or return the Protected Documents.

10. This Protective Order shall remain in full force and effect after the termination of this litigation, or until canceled, vacated or otherwise modified by order of this Court.

11. In the event that any party, person, or entity otherwise bound by this Protective Order intends to file any Protected Documents in the public record, such material shall be filed in

accordance with the Court's procedures, if any, for filing material under seal. The Court hereby grants the parties leave to so file any Protected Documents.

12. Anyone with knowledge of the contents of this order shall be bound by its terms.

**IT IS SO ORDERED.**

**DATED: January 20, 2015**

                                              **DONALD G. WILKERSON**
                                              **United States Magistrate Judge**